(Not for Publication)                                                                              (Docket Entry No. 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                          :
DAVID FAHEY AND                              :
KRISTIN FAHEY,                                    :
                                                          :
            Plaintiffs,                                 :        Civil No. 08-3573 (RBK)
                                                          :
      v.                                                  :        **OPINION**
                                                          :
HOLLYWOOD BICYCLE                        :
CENTER, INC.,                                      :
                                                          :
            Defendant.                              :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion for summary judgment filed by Defendant Hollywood Bicycle Center, Inc. ("Hollywood Bicycle" or "Defendant"). This lawsuit stems from injuries Plaintiff David Fahey claims he sustained when he and his nephew collided while riding bicycles rented from Defendant. For the reasons set forth below, the Court will grant Defendant's motion.

**I. BACKGROUND**

The collision at issue took place on July 11, 2006. According to Plaintiffs, Mr. Fahey's nephew, Patrick Davis, fell when the chain assembly on his bicycle suddenly disengaged, causing his bicycle to veer into Mr. Fahey's path. Mr. Fahey then collided with Davis's bicycle and was thrown to the ground. Plaintiffs allege that as a result of this collision, Mr. Fahey sustained serious bodily injuries, including a concussion, multiple fractures, and multiple lacerations.

According to Plaintiffs, Mr. Fahey retained the law firm of Reger Rizzo & Darnall, LLP on September 6, 2006.  The firm hired engineer David A. Mitchell to examine the bicycle that Davis had been riding at the time of the collision.  Mitchell examined the bicycle on September 18, 2006, and concluded that the technicians at Hollywood Bicycle improperly adjusted the rear wheel, causing the chain to separate from the bike.  On April 6, 2007, Mitchell issued a written report in which he confirmed these findings.  On April 8, 2008, Plaintiffs' attorney sent a letter to Defendant's attorney, seeking to explore settlement before filing suit.

David and Kristin Fahey filed this action on July 15, 2008.  Mr. Fahey alleged that Hollywood Bicycle's negligence caused his injuries.  His wife, Kristin, claimed loss of consortium.  On September 22, 2008, Hollywood Bicycle filed the motion for summary judgment now before the Court, arguing that Plaintiffs' claims were barred by the statute of limitations.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it "might affect the outcome of the suit under the governing law." Id.

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir.1996).  When determining whether the moving party has satisfied this burden, "the facts asserted by the nonmoving party, if supported by affidavits or

other evidentiary material, must be regarded as true and the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Id. at 1080-81 (internal quotation marks and citations omitted). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**III. DISCUSSION**

Defendant argues that Plaintiffs' claims are barred by the statute of limitations because Plaintiffs' suit was filed more than two years after the bicycle accident.[1] In response, Plaintiffs argue that under the discovery rule, their cause of action did not accrue until September 18, 2006; that Defendant was on notice of their claims since 2006; and that Plaintiffs have substantially complied with the statute of limitations.

**A. Discovery Rule**

The Court finds that the discovery rule did not toll the statute of limitations in this case. "[A] statute of limitations 'generally accrues from the date of the negligent act or omission.'" R.A.C. v. P.J.S., Jr., 927 A.2d 97, 106 (N.J. 2007) (quoting Martinez v. Cooper Hosp.-Univ. Med. Ctr., 747 A.2d 266, 269 (2000)). However, "[u]nder the discovery rule . . . the limitations period does not commence until the injured party actually discovers or should have discovered through reasonable diligence the fact essential to the cause of action." R.A.C., 927 A.2d at 106. In personal injury actions, the statute does not begin to run until (1) the plaintiff knows he has

---

[1] Under New Jersey law, "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued." N.J. Stat. Ann. § 2A:14-2(a) (West Supp. 2008).

been injured; and (2) the plaintiff either knows or should know that his injury was caused by another party's conduct.  See Lopez v. Swyer, 300 A.2d 563, 567 (N.J. 1973).  For purposes of the discovery rule, knowledge of fault "requires only the awareness of facts that would alert a reasonable person exercising ordinary diligence that a third party's conduct *may* have caused or contributed to the cause of the injury and that conduct itself might possibly have been unreasonable or lacking in due care."  Savage v. Old Bridge-Sayreville Medical Group, P.A., 633 A.2d 514, 518 (N.J. 1993).

Here, Plaintiffs argue that while Mr. Fahey knew of his injury on July 11, 2006, he did not have reason to believe that anything other than "his own clumsiness, mistake or unfortunate happenstance" caused the accident until Mitchell examined the bicycle on September 18, 2006.  (Plaintiffs' Opposition Brief at 4-5.)  The Court finds, however, that Plaintiffs knew or should have known as soon as Mr. Fahey was injured that a third party's negligence could have caused or contributed to the cause of his injury.  Mr. Fahey consulted a lawyer before Mitchell examined the bicycle, which suggests that Mr. Fahey knew that his accident might not have been caused merely by his own clumsiness, mistake or happenstance before Mitchell concluded that the bicycle was improperly adjusted.   In sum, the Court concludes that the discovery rule does not apply in this case.

### B.  Substantial Compliance and Equitable Tolling

Plaintiffs argue that the statute of limitations should not bar this suit because they substantially complied with the statute and Hollywood Bicycle had notice of Plaintiffs' claims

4

before the statute of limitations had run.[2]   Defendant responds that substantial compliance is not applicable to this case, which involves a procedural statute of limitations.  Rather, Defendant argues, the doctrine of equitable tolling applies to procedural statutes of limitations.  Defendant further argues that Plaintiffs have not met the requirements for equitable tolling.

The Appellate Division of the New Jersey Superior Court has held that equitable tolling, rather than substantial compliance, applies to causes of action with procedural statutes of limitations, such as torts.  Binder v. Price Waterhouse & Co., 923 A.2d 293, 297-98 (N.J. Super. Ct. App. Div. 2007).[3]  In support of this conclusion, the Appellate Division cited Negron v. Llarena, in which the Court stated that "[f]lexible applications of procedural statutes of limitations may be based on equitable principles such as ... estoppel [whereas] ... substantive statutes of limitation are traditionally applied strictly."  Binder, 923 A.2d at 297 (quoting Negron, 716 A.2d 1158, 1160 (N.J. 1998)).  However, substantial compliance is an equitable principle.  See Galik v. Clara Maass Medical Center, 771 A.2d 1141, 1148 (N.J. 2001) ("The equitable doctrine of substantial compliance has deep roots in English common law . . . .").  Moreover, the New Jersey Supreme Court has recently questioned the need for a distinction between procedural

---

[2] While Plaintiffs' brief contains separate sections discussing notice to Defendant and Plaintiffs' substantial compliance with the statute of limitations, notice appears to be a component of the substantial compliance analysis.  For example, in their discussion of notice, Plaintiffs cite Estate of Vida ex rel. Kesciova v. City of Garfield, 749 A.2d 391 (N.J. Super. Ct. App. Div. 2000), where the court applied the doctrine of substantial compliance.  Plaintiffs have not cited any case in which a court relaxed the statute of limitations merely because a plaintiff had, prior to the expiration of the limitations period, notified a defendant that it would file suit if the parties did not reach a settlement.

[3] "Procedural statutes of limitations apply to causes of action that were recognized under the common law, such as tort and contract causes of action."  R.A.C., 927 A.2d at 106.  "In contrast to procedural statutes, substantive statutes of limitations apply to legislatively created causes of action that did not exist at common law."  Id.

and substantive statutes of limitations.  See R.A.C., 927 A.2d at 107 ("For the most part, the jurisprudential concerns that gave rise to the distinctions between procedural and substantive statutes of limitations no longer have the same relevance [as they have historically had]."). For these reasons, the Court finds that the New Jersey Supreme Court would not hold that the doctrine of substantial compliance is limited to substantive statutes of limitations.

Although this Court finds that the doctrine of substantial compliance is applicable in tort actions, the Court also finds that Plaintiffs have not satisfied the requirements of substantial compliance in this case.  In order to show substantial compliance, a plaintiff must demonstrate the following elements:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of [plaintiff's] claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.

Negron, 716 A.2d at 1163 (quoting Bernstein v. Bd. of Trs. of Teachers' Pension and Annuity Fund, 376 A.2d 563, 566 (N.J. Super. Ct. App. Div. 1977)).

Here, Plaintiffs argue that the second element of substantial compliance is satisfied because their attorney attempted to file their complaint on July 2, 2008.  Plaintiffs have provided a certification in which their attorney, Justin P. Harrison, states that he registered for the Court's Electronic Filing System on July 2, 2008 and was told at that time that the registration process would take ten to fourteen days to complete.  Harrison therefore knew or should have known that his registration would not be complete before the statute of limitations had run and yet there is no evidence that he took any further steps to ensure that the suit was filed before the statute had run. In sum, Plaintiffs' attorney's efforts to file the complaint do not satisfy the second prong of the

substantial compliance framework. Nor do Plaintiffs offer a reasonable explanation as to why they failed to comply with the statute of limitations. Their attorney's lack of diligence is not a reasonable explanation; nor is their mistaken belief that the discovery rule extended the statute of limitations. Therefore, the Court finds that Plaintiffs did not substantially comply with the statute of limitations.

While Plaintiffs do not appear to have argued that equitable tolling applies in this case, the Court will address equitable tolling in the interest of completeness and because Defendant raised the issue in its brief. Equitable tolling applies "only in narrowly-defined circumstances." R.A.C., 927 A.2d at 107. Specifically, New Jersey courts have found the doctrine of equitable tolling to apply in the following situations: (1) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass;" (2) "where a plaintiff has in some extraordinary way been prevented from asserting his rights;" and (3) "where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." Freeman v. State, 788 A.2d 867, 879-80 (N.J. Super. Ct. App. Div. 2002) (internal quotation marks and citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id. at 880.

Here, Plaintiffs have not alleged that Hollywood Bicycle engaged in intentional inducement or trickery. Further, their lawyer's lack of diligence in ensuring that their suit was timely filed does not give rise to that rare situation where equitable tolling applies. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation,

inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Plaintiffs' complaint is dismissed. An accompanying order shall issue today.


Dated: 3-18-09                                           /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge